UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

MARK LATCHISON, et al.,          )
                                 )
        Plaintiffs,              )
                                 )
    v.                           )   No. 4:06-CV-850-HEA
                                 )
SHARON GIFFORD, et al.,          )
                                 )
        Defendants.              )

**OPINION, ORDER AND MEMORANDUM**

This matter is before the Court upon the applications of Mark Latchison (registration no. 511892), Cornell Jackson (registration no. 21177), John Kennedy (registration no. 512156), and Richard Koch (registration no. 535541) for leave to commence this action without payment of the required filing fee. As more fully set forth below, the Court will assess an initial partial filing fee for each plaintiff, because plaintiffs do not have sufficient funds to pay the entire filing fee. *See* 28 U.S.C. § 1915(b)(1).

In addition, plaintiffs have filed a separate motion for class certification [Doc. #7]. The class, however, is not so numerous that joinder of all members is impracticable,[1] and thus, plaintiffs have not satisfied the prerequisites to maintaining a

---

[1]The proposed class would consist only of the four named plaintiffs.

class action.  *See* Fed. R. Civ. P. 23 (a) and (b).  As such, the Court will deny plaintiffs' motion for class certification.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee.  If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six-month period.  *See* 28 U.S.C. § 1915(b)(1).  After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account.  *See* 28 U.S.C. § 1915(b)(2).  The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid.  *Id.*

Plaintiffs have submitted a motion for leave to proceed in forma pauperis [Doc. #1] and certified copies of their prison account statements for the six-month period immediately preceding the submission of their complaint on June 1, 2006.  *See* 28 U.S.C. § 1915(a)(1),(2).  A review of plaintiffs' account statements indicates the following:  (1) Mark Latchison has an average monthly

2

deposit of $100.69, and an average monthly account balance of $37.36. Plaintiff Latchison has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess Mark Latchison an initial partial filing fee of $20.14, which is 20 percent of his average monthly deposit; (2) Cornell Jackson has an average monthly deposit of $30.75, and an average monthly account balance of $18.98. Plaintiff Jackson has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess Cornell Jackson an initial partial filing fee of $6.15, which is 20 percent of his average monthly deposit; (3) John Kennedy has an average monthly deposit of $26.25, and an average monthly account balance of $87.91. Plaintiff Kennedy has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess John Kennedy an initial partial filing fee of $17.58, which is 20 percent of his average monthly balance; and (4) Richard Koch has an average monthly deposit of $7.08, and an average monthly account balance of $2.11. Plaintiff Koch has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess Richard Koch an initial partial filing fee of $1.42, which is 20 percent of his average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which

relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Jackson Sawmill Co. v. United States*, 580 F.2d 302, 306 (8th Cir. 1978).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 112 S. Ct. 1728, 1733 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

**The complaint**

Plaintiffs, inmates at the Potosi Correctional Center, seek monetary and injunctive relief in this 42 U.S.C. § 1983 action against defendants Sharon Gifford (functional unit manager), Unknown Nixon (disciplinary hearing officer), Elaine Dix ("former CCA"), Melody Haney (functional unit manager), R. Bailey (classification hearing officer), and Ian Wallace (acting superintendent I). Plaintiffs allege that on January 28, 2005,

they were wrongfully issued a conduct violation for violating Rule #9 "Organized Disobedience." Specifically, they claim "systematic deficiencies, challenging the morality and intention of constitutional and procedural protections afforded to offenders within the custody of the State." They allege that they were "wrongfully found guilty, then sentenced to serve 30 days Dis-Segregation (Dis/Seg) punitive punishment and referred to be seen by the Administrative Segregation Committee . . . for further review of [the evidence]."[2]

Having carefully reviewed the complaint, the Court concludes that plaintiffs' claims are legally frivolous. For the due process clause to be implicated, an inmate must be subjected to an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472 (1995). Plaintiffs' allegations do not implicate constitutionally protected interests. Moreover, plaintiffs' allegations do not indicate that they have suffered the type of atypical and significant hardship in which the state might conceivably create a

---

[2]Based on Exhibit E, that was attached to the complaint, it appears that a hearing took place on March 29, 2006, and plaintiff Mark Latchison was given an additional thirty days in administrative segregation. In the space titled "Reason for Hearing," there is a notation which states "LRD: 3/1/2005 Referred due to #9 Organized Disobedience dated 1/28/05. Has 3 violations in past 6 months and no unwaived enemy in GP PCC." Exhibit F indicates that on April 27, 2005, a request to continue the "ad-seg" assignment and to extend it for nine months was approved. In the space marked "Offender Signature" there is a notation which states "Refused to attend."

liberty interest. Cf. id. at 485-86 (no atypical and significant hardship where inmate spent thirty days in solitary confinement); *Hemphill v. Delo*, 124 F.3d 208 (8th Cir. 1997)(same; four days locked in housing unit, thirty days in disciplinary segregation, and approximately 290 days in administrative segregation); *Freitas v. Ault*, 109 F.3d 1335, 1337-38 (8th Cir. 1997) (same; ten days administrative segregation and thirty days on "on-call" status, as well as loss of higher paying job and numerous privileges); *Wycoff v. Nichols*, 94 F.3d 1187, 1190 (8th Cir. 1996)(same; ten days disciplinary detention and 100 days in maximum-security cell); *Moorman v. Thalacker*, 83 F.3d 970, 973 (8th Cir. 1996) (same; fifteen days of highest-level disciplinary detention and 107 days of less-restrictive disciplinary detention).

Last, the Court notes that in their statement for relief, plaintiffs seek an order finding that that defendants "criminally violat[ed] statutes granting them authority to put security actions into practice under ReMo. [sic] 217.175 and 217.370." To the extent that plaintiffs are attempting to assert a § 1983 claim for violation of a state statute or prison regulation, the claim and will be dismissed as legally frivolous. *See Williams v. Hopkins*, 130 F.3d 333, 337 (8th Cir. 1997)(alleged violation of state law does not by itself state claim redressable by § 1983 action); *Bagley v. Rogerson*, 5 F.3d 325 (8th Cir. 1993) (allegation of state

law violation, statutory or decisional, does not, in itself, state claim under federal Constitution or § 1983).

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiffs' motion for leave to proceed in forma pauperis [Doc. #1] is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiffs shall each pay an initial partial filing fee within thirty (30) days from the date of this order, as follows: plaintiff Mark Latchison shall pay $20.14; plaintiff Cornell Jackson shall pay $6.15; plaintiff John Kennedy shall pay $17.58; and plaintiff Richard Koch shall pay $1.42. Each plaintiff is instructed to make his respective remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiffs' motion for class certification [Doc. #7] is **DENIED.**

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous and/or fails to state a claim upon

which relief may be granted.  *See* 28 U.S.C. § 1915(e)(2)(B).

An appropriate order shall accompany this order and memorandum.

Dated this 6th day of September, 2006.

                                               _____
                                               **UNITED STATES DISTRICT JUDGE**